IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Alexander Otis Matthews,<br>　　Plaintiff, | )<br>)<br>) | |
| v. | ) | 1:13cv450 (LO/JFA) |
| | ) | |
| Ted Hull, et al.,<br>　　Defendants. | )<br>)<br>) | |

## MEMORANDUM OPINION AND ORDER

Alexander Otis Matthews, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983,[1] alleging that staff at Northern Neck Regional Jail violated his constitutional rights. Plaintiff has submitted the requisite filing fee, pursuant to 28 U.S.C. § 1914(a). He commenced this action by filing a complaint in the Circuit Court for Fairfax County, Virginia. Defendants Ted Hull, R. Michelle Lewis, and Martin filed a Notice of Removal and Motion to Dismiss the Complaint in this Court on April 11, 2013. Plaintiff filed a Motion to Remand, a brief in opposition of the Motion to Dismiss, and Motion to Amend the Complaint. Defendants filed an opposition to the Motion to Remand and accompanying brief.

For the reasons stated below, plaintiff's Motion to Remand will be denied; and the Motion to Dismiss will be granted, in part, as to the claims pursuant to the Virginia Tort Claims Act (VTCA) and denied without prejudice, in part, as to plaintiff's cruel and unusual punishment claim and his denial of access to the court claim. Plaintiff must particularize and amend these claims, and provide evidence that he completely exhausted his administrative remedies of these claims. After

---

[1] Because plaintiff's claims are against state officials, his suit will be construed as brought pursuant to only 42 U.S.C. § 1983 and not, as he alleges, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which extends § 1983 liability to federal officials.

the Court has reviewed plaintiff's amended complaint, it will order defendants to respond, if appropriate.

## I. Motion to Remand

Plaintiff's Motion to Remand will be denied. As defendants argue in their opposition brief, removal of this action from the Circuit Court for the County of Fairfax to this Court was proper under 28 U.S.C. § 1441, et seq. The complaint concerns federal questions, and removal satisfies the rule of unanimity pursuant to § 1441(b). Therefore, plaintiff's Motion to Remand this action will be denied.

## II. Standard of Review

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S., at 561 (internal citations omitted); see Fed. R. Civ. P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949 (internal citations omitted).

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds

upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. Twombly, 550 U.S. at 556 n.3.

### III. Analysis

A. VTCA

To the extent that plaintiff alleges tort claims pursuant to VTCA, they will be dismissed for failure to state a claim upon which relief can be granted. Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees. Under VTCA, Va. Code Ann. § 8.01-195.3, Virginia has waived sovereign immunity for damages for "negligent of wrongful" acts of state employees acting within the scope of employment. The Fourth Circuit has held that the VTCA and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985). The availability of a tort action in state court fully satisfies the requirement of meaningful post-deprivation process.

B. Other Claims

Defendants' Motion to Dismiss must be denied as to plaintiff's cruel and unusual punishment claim and his denial of access to the court claim because plaintiff must be given the opportunity to amend his claims. District courts have a duty to construe pleadings by pro se litigants liberally; however, a pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against him. As presented, plaintiff has not

3

stated a claim against any defendant, but he must be given the opportunity to particularize and amend his allegations.

1. Cruel and Unusual Punishment

To establish a claim for cruel and unusual punishment due to conditions of confinement that violate the Eighth Amendment, a plaintiff must allege facts sufficient to show (1) an objectively serious deprivation of a basic human need—that is, one causing serious physical or emotional injury—and (2) that prison officials were deliberately indifferent to that need. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 198 (1991). To meet the first prong, plaintiff must allege facts sufficient to show that the condition complained of was a "sufficiently serious" deprivation of a basic human need. Farmer, 511 U.S. at 834) (citing Wilson, 501 U.S. at 298). Only extreme deprivations will make out an Eighth Amendment claim, and it is plaintiff's burden to allege facts sufficient to show that the risk from the conditions of his confinement was so grave that it violated contemporary notions of decency and resulted in serious or significant physical or emotional injury. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Strickler v. Waters, 989 F.2d 1375, 1379-81 (4th Cir. 1993). To meet the second prong, plaintiff must allege facts sufficient to show that defendants were deliberately indifferent, that is, that they knew of facts from which an inference could be drawn that a "substantial risk of serious harm," was posed to his health and safety, that they drew that inference, and then disregarded the risk posed. Farmer, 511 U.S. at 837.

As presented, plaintiff has failed to show that the conditions at NNRJ—specifically, the amount of outdoor recreation time plaintiff has, the smell caused by cleaning supplies, and the staff's alleged refusal to provide plaintiff with a religious diet—constitute cruel and unusual punishment. For example, plaintiff has not alleged sufficient facts to show that defendants were aware that the cleaning fluids are "toxic" and are causing harm to plaintiff, or that the lack of

4

exercise is causing a serious emotional or physical injury to plaintiff. Plaintiff will be directed to provide additional information in an amended complaint.

2. Denial of Access to the Courts

Plaintiff appears to allege that his right to meaningful access to the courts has been denied because officers confiscated plaintiff's legal documents that he needs for his ongoing habeas petition. While inmates cannot assert a constitutional claim concerning the right to keep personal property, inmates do have a right to meaningful access to the courts, which requires that individuals acting under color of state law cannot hinder an inmate in his efforts to pursue a legal claim. Bounds v. Smith, 430 U.S. 817, 822 (1977)); Lewis v. Casey, 518 U.S. 343 (1996); see also Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993). To state a claim for denial of access to the courts, plaintiff must establish that he suffered an "actual injury or specific harm." Hause, 993 F.2d at 1084–85; see, e.g., Strickler v. Waters, 989 F.2d 1375, 1382 (4th Cir. 1993); Magee v. Waters, 810 F.2d 451, 452–53 (4th Cir. 1987). To make out *a prima facie* case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); see also White v. White, 886 F.2d 721, 723–24 (4th Cir. 1989). Actual injury requires the inmate to "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." Jackson v. Wiley, 352 F. Supp. 2d 666, 679–80 (E.D. Va. 2004). Therefore, defendants' Motion to Dismiss must be deferred as to the deprivation of plaintiff's legal documents.

3. Opportunity to Amend

To assist pro se litigants, courts have devised form § 1983 complaints that include instructions on how the complaint should be drafted and pose questions designed to elicit relevant information. Because plaintiff did not submit a standard form complaint, and because this Court did

5

not have an opportunity to screen this action before defendants were served, plaintiff must particularize and amend his allegations using a form § 1983 complaint.

## IV. Exhaustion of Administrative Remedies

Plaintiff must show that he has exhausted his administrative remedies before his claims may proceed. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 92 (2006) (requiring complete exhaustion of correctional facility administrative remedies). To bring this action in the federal courts, plaintiff must receive a response to his grievance and, if unsatisfactory, must pursue it through all available levels of appeal before presenting that claim in federal court. At this time it is unclear whether plaintiff completely exhausted his institution's administrative remedies. Before this action may proceed, plaintiff will be required to submit additional information concerning his exhaustion of administrative remedies. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 680 (4th Cir. 2005) (deeming improper sua sponte dismissal of a claim on exhaustion grounds).

Accordingly, it is hereby

ORDERED that the complaint be and is conditionally filed pending compliance with the requirements of this Order; and it is further

ORDERED that defendants' Motion to Dismiss (Docket #2) be and is GRANTED, IN PART, as to plaintiff's claims pursuant to the Virginia Tort Claims Act, and DENIED WITHOUT PREJUDICE, IN PART, as to plaintiff's cruel and unusual punishment claim and his denial of access to the court claim; and it is further

ORDERED that plaintiff's Motion to Remand (Docket #6) be and is DENIED; and it is further

ORDERED that plaintiff's Motion to Amend (Docket #12) be and is GRANTED. Plaintiff shall particularize and amend his constitutional claims by completing and filing a form § 1983 complaint within thirty (30) days of the date of this Order and by (i) naming every person he wishes to include as a defendant; (ii) submitting a short, detailed statement of background facts which describes the <u>specific conduct of each defendant</u> whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the injuries received, the reasons why he believes each defendant is liable to him, and the remedies sought; and (iii) submitting one original amended complaint. Plaintiff must include his civil action number, **1:13cv450 (LO/JFA)**, on the first page of his amended complaint, and this amended complaint will serve as the sole complaint in this civil action; and it is further

ORDERED that, within thirty (30) days of the date of this Order, plaintiff complete and return the attached affidavit concerning his exhaustion of his institution's administrative grievance process; and it is further

ORDERED that plaintiff's failure to comply with any part of this Order within THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, or failure to notify this Court immediately in the event he is transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b).

The Clerk is directed to send a copy of this Order, a form § 1983 complaint form, and the exhaustion affidavit to plaintiff, as well as a copy of this Order to counsel of record for defendant Hong.

Entered this 1st day of July 2013.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge